## SWISS CLEANERS, INC.
*vs.*
## CORNELIUS J. DANAHER,
Commissioner of Labor

Superior Court    New London County    File No. 14489

MEMORANDUM FILED DECEMBER 15, 1941.

*Geary, Davis & Keefe,* of New London, for the Plaintiff.

*Francis A. Pallotti,* Attorney General, and *Harry Silverstone,* Assistant Attorney General, for the Defendant.

SIMPSON, J. The plaintiff corporation was organized in 1930 at the instigation of Harry M. Shalett, principal stockholder and president and general manager of the Shalett Cleaning and Dyeing Company. The Swiss Cleaners, Inc., was not organized for, nor has it since engaged in the business of dyeing and cleaning, but was organized solely for the purpose of collecting and receiving all kinds of clothing and other articles for the purpose of delivery to the Shalett Cleaning and Dyeing Company, to be cleaned and dyed, as might be desired by the owners. The Shalett Company charged and actually retained for its services 65 per cent of the receipts from the articles collected by the Swiss Cleaners. The remaining 35 per cent was used to pay the expenses of the Swiss Cleaners. Harry M. Shalett owned the controlling interest of both companies. The Swiss Cleaners was organized as a feeder and adjunct to the Shalett Company and is in fact its handmaiden.

When the Swiss Cleaners was organized in 1930, Harry M. Shalett furnished all of the capital. He caused all but two

shares to be issued to his attorney, who retained them until 1939, when the attorney transferred the stock to Shalett. One share in 1930 was issued in the name of Nellie C. Connor and one to a third party. At the time the certificate of stock was made out in the name of Nellie C. Connor she endorsed it in blank and it has never been taken from the stock certificate book. While she testified that she paid for the stock, it does not appear when or how she paid for the stock, but in as much as Mr. Shalett furnished all the capital for the Swiss Cleaners it cannot be found that she in fact paid anything for it. It is therefore questionable whether or not she is in fact a *bona fide* stockholder.

At the organization of the Swiss Cleaners, Nellie C. Connor was elected president and treasurer. She has performed no duties as treasurer. Those duties are performed by an assistant treasurer who has an office in the Shalett Company's office. Nellie C. Connor, as president, has presided at such stockholders' and directors' meetings as have been held, which have been very infrequent, and has at times signed certain leases for the Swiss Cleaners which had been negotiated by Mr. Shalett.

When the Swiss Cleaners was organized it had one store or office in New London, but since that time it has established three other stores in localities other than New London. Miss Connor, who had previously been an employee of Mr. Shalett, was put in charge of the New London store or office, and has since been in charge of that store or office, performing such duties as other girls perform in the other stores in receiving and forwarding articles to be cleaned or dyed, as may be required. Miss Connor also exercises a supervising capacity over the other stores; she hires the girls put in charge of the store and receives complaints of customers of all the stores, if any, and if she cannot adjust the complaint she refers it to Mr. Shalett. She also consults with Mr. Shalett as to other matters and takes instructions from him.

When a girl is put in charge of a store other than the New London store, Mr. Shalett gives her one share of stock and she is elected a vice president, he thinking that will cause the girl to exercise a greater interest in the business.

The Swiss Cleaners, upon request, has furnished the Labor Commissioner a record of the hours employed and wages paid

to the girls employed in the stores other than the store in New London, but has declined to furnish the number of hours employed and wages paid Miss Connor on the ground that she is an executive officer and exempt from the provisions of sections 850e and 1318e of the 1939 Cumulative Supplement to the General Statutes, and Mr. Shalett was arrested under the provisions of section 851e for such refusal.

This is an action for a declaratory judgment determining whether or not the Swiss Cleaners, Inc., is amenable to section 850e by reason of the fact (as claimed) that Nellie C. Connor is a stockholder, president and principal executive officer of the Swiss Cleaners, Inc., and for a like reason whether or not it is amenable to section 1318e.

This case was tried upon the theory that Swiss Cleaners, Inc., is amenable to both sections of the statute, unless it is excused by reason of the fact, as claimed, that Nellie C. Connor is a stockholder and director, president and principal executive officer of the Swiss Cleaners. Whether or not the Swiss Cleaners is so amenable to one or both of the statutes is the only question before the court.

Section 850e provides that each employer "shall keep a true and accurate record of the hours worked by, and the wages paid by him to, each employee and shall furnish to the commissioner [of labor] or the director or the authorized representative of the director, upon demand, a sworn statement of the same." This statute is broad enough to include both part and full time employees. Nor is there any exception in the statute as to any class of employees. If any such exception was so intended, that would have been a matter for the Legislature (*State vs. Nelson*, 126 Conn. 412, 416). The court cannot make such exception.

Miss Connor cannot be held to be the chief executive officer and general manager of the Swiss Cleaners. It is clear that Mr. Shalett is in fact the chief executive officer and general manager. The duties Miss Connor performs as the nominal president are insignificant. She performs the same kind and class of work as the girls in the other stores and in addition to those duties, as has been noted, engages the girls for the other stores, which, it must be assumed, is at the direction of Mr. Shalett, and receives such complaints of customers as come to her store, or which are referred to her by girls

in the other stores, and if she cannot adjust the claims she refers them to Mr. Shalett. These are all duties which are usually performed by an employee. Under the circumstances I can see no reason why there should be an exception in keeping a record of her hours and wages paid and furnished to the Commissioner, just because she happens to be the nominal president of the company, any more than there should be an exception as to the other girls because they are vice presidents. There may be a distinction, but it is not a real one.

Section 1318e has to do with the number of hours per week any female may be employed in a mercantile establishment. It is conceded that the Swiss Cleaners, Inc., is not a mercantile establishment. No point is made of that fact, however. The only question before the court is whether because Miss Connor is the president, etc., as claimed, there should be an exception in her case. For the reasons heretofore recited in regard to section 850e, the same conclusion is reached in regard to section 1318e.

The conclusion of the court is that the plaintiff is amenable to both sections of the statutes in regard to keeping and reporting the hours of employment by, and wages paid to, Miss Connor, and that questions one and two should be answered in the affirmative, and judgment is so rendered.